UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASHMAN EQUIPMENT CORP. | CIVIL ACTION |
| VERSUS | NO: 09-7742 |
| BEOUFWAY CONTRACTORS, L.L.C., ET AL. | SECTION R |

**ORDER AND REASONS**

Cashman Equipment Corporation and Beoufway Contractors, L.L.C., entered into a contract under which Beoufway agreed to build and deliver five shipping-class barges for Cashman. This agreement was guaranteed by Terry Dover, and the agreement stipulated that all "disputes, differences, or disagreements" arising out of the agreement would be subject to arbitration in accordance with the rules of the Houston Maritime Arbitration Association.[1]

Various disputes soon arose that primarily involved allegations that Beoufway either failed to deliver the barges or delivered them late, and the parties agreed to submit their dispute to an arbitrator under the rules of the Houston Maritime Arbitration Association.[2] The agreement states that "[a]ny order or award by the Arbitrator shall be in writing and signed by the Arbitrator and shall be enforceable to by petition to, and

---

[1] R. Doc. 1, Ex. A at 8.

[2] R. Doc. 1, Ex. C.

judgment of, any Court of competent jurisdiction."[3] After an arbitration hearing in New Orleans, the arbitrator issued an award for Cashman, subject to various setoffs.[4] Cashman now moves to confirm the award (R. Doc. 3).

Under the Federal Arbitration Act, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."[5] A district court's review of an arbitration award is exceedingly narrow, and the Federal Arbitration Act provides only a limited set of circumstances under which a court may disrupt an award.[6]

A party who wishes to move to vacate, modify, or correct an award must serve notice of the motion upon an adverse party within three months after the award is filed or delivered.[7] No

---

[3] *Id.*

[4] R. Doc. 1, Ex. D at 9-10.

[5] 9 U.S.C. § 9; *see also Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

[6] 9 U.S.C. §§ 10, 11 (listing grounds for vacation or modification such as fraud, partiality, misconduct, or "evident material miscalculation"); *see also Citigroup Global Markets v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009).

[7] 9 U.S.C. § 12.

such opposition has been filed in this matter.  The parties have accordingly presented no reason why the arbitration award should be vacated, modified, or corrected, and the motion is therefore GRANTED and the arbitration award CONFIRMED.

New Orleans, Louisiana, this __27th__ day of April, 2010.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**